UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN C. HADDEN AND MOLLY D. HADDEN                                              PLAINTIFFS

V.                                                            CIVIL ACTION NO. 1:06cv246-LTS-RHW

STATE FARM FIRE & CASUALTY COMPANY                                         DEFENDANT

### ORDER

Defendant has filed an [137] Objection to Magistrate's [123] Order on a [103] Motion for Reconsideration on a discovery matter. Although Plaintiffs have not responded to the application for review (which appears on the docket as a "Response to Order"), the groundless nature of Defendant's exception is clear from the face of the objection and the order at which it is aimed, and fails to establish, under the standard of Fed. R. Civ. P. 72(a), that the Magistrate's order is clearly erroneous or contrary to law.

In the Magistrate's original [96] Order on Defendant's [64] Motion to Compel, the following ruling was issued with respect to Request for Production No. 22:

> Defendant requests production of "all personal and business income tax returns filed with the state and federal government since January 1, 2005 to include all schedules and forms and copies of all documents or evidence delivered to [Plaintiffs'] tax preparer for the years 2005 through the present." Plaintiffs object that the request seeks confidential personal and business information irrelevant to the issues in the case, and not reasonably calculated to lead to discovery of admissible evidence. Defendant contends the requested production is reasonably calculated to lead to discovery of admissible evidence as to damages, the amount of money already paid to Plaintiffs, and the amount of any catastrophe loss. *The Court finds that due to their confidential nature, tax returns should not be unnecessarily disclosed, particularly where the information sought appears to be readily obtainable by other means.* Plaintiffs are not required to produce the requested tax returns. (Emphasis added).

In its [103] Motion for Reconsideration and in the instant [137] objection, Defendant acknowledges that the trial court has considerable discretion in matters relating to discovery and decisions pertaining to motions to compel production of tax return records. In dealing with the motion to reconsider, the Magistrate could have easily denied it solely on the basis that there is no such animal under the Federal Rules of Civil Procedure, and that even an appropriate motion was not legally sound. Instead, he expanded upon his earlier ruling by stating:

> Plaintiffs respond to the motion for reconsideration that the information sought is

obtainable by interrogatory.  The Court finds no merit in Defendant's contention that Plaintiffs' tax returns are somehow more trustworthy than a sworn interrogatory answer.

*The Court finds that the most expeditious means of resolving this matter is for the Defendant to propound an interrogatory or interrogatories to Plaintiffs requesting the information regarding casualty losses claimed, whereupon Plaintiffs shall provide response(s) to said question(s) within fifteen (15) days after service.  Should Defendant have good cause to question the response(s) given, upon motion, the Court will review in camera those portions of Plaintiffs' tax returns regarding casualty losses.*  (Emphasis added).

Thus, an alternative source for the casualty loss claim is available, and Defendant is still in a potential position to obtain the sought-after documents and the information contained therein.  The door is not closed if Defendant chooses to knock even more than once.  This practical solution offered by the Magistrate is well within his discretion.

Accordingly, **IT IS ORDERED:**

The [123] Order of the United States Magistrate Judge denying Defendant's [103] Motion for Reconsideration is **AFFIRMED** .

The [137] Objection to Magistrate Judge's Order is **DENIED**.

**SO ORDERED** this the 22nd day of May, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE
